property. In so far as it denies that part of the motion of defendant Israel which asks that plaintiff be required separately to state and number alleged causes of action contained in his complaint, order reversed on the law and the facts, without costs, and motion granted; the amended complaint to be served within ten days from the entry of the order hereon. The complaint contains two causes of action, the proof under each of which is unrelated and would necessarily differ and concern different parties. A recovery or a failure to recover with respect to one would not bar recourse to the other, and *vice versa.* (*Carlson* v. *Albert*, 117 App. Div. 836; *Raftery* v. *Carter*, 162 id. 17.) In so far as it denies that part of the motion which asks that certain allegations of the complaint be struck out, pursuant to rule 103 of the Rules of Civil Practice, the order is affirmed, without costs. As to that part of the order, the denial was proper. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

Ann C. Morrissey, as Administratrix, etc., of James Morrissey, Deceased, Appellant, v. Anthony Mazzio, Defendant, and Emil B. Spivak and Reo Motor Car Co. of New York, Inc., Respondents.— In an action to recover damages for the death of plaintiff's intestate, the complaint charges the defendant-owner of the automobile with negligent operation thereof and the defendants-vendors of the automobile with negligence in the sale and delivery of defective property. The complaint against the defendants-vendors was dismissed at the close of plaintiff's case and judgment was rendered thereafter in plaintiff's favor against the defendant-owner. Plaintiff appeals from only so much of the judgment as dismisses the complaint against defendants-vendors; the judgment against the defendant-owner remaining in force and effect. Judgment, in so far as appealed from, unanimously affirmed, with costs. Defendants-respondents are merely dealers in automobiles manufactured by a manufacturer of national reputation. The negligence alleged against the dealers is the failure to deliver an automobile with an adequate supply of oil in its hydraulic brake control chamber some twelve days before the accident. The proof did not establish the cause of action as alleged against the dealers, nor any cause of action against them. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 394.) The proof did establish negligence in the operation of the automobile. Present — Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ.

The People of the State of New York, Respondent, v. Frank Agnello, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of section 986 of the Penal Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

The People of the State of New York, Respondent, v. Anthony DeAngelis, Appellant.— Judgment of the County Court of Kings county convicting the defendant of grand larceny in the first degree, and order denying motion to set aside the verdict, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

The People of the State of New York, Respondent, v. Joseph Molinari, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of section 986 of the Penal Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.