■ ROBERT OUTWATER, an Infant, by His Guardian ad Litem, LILLIAN OUTWATER, et al., Appellants, v. FRED W. MILLER, Doing Business as MILLER CYCLE SHOP, Defendant, and PROGRESSIVE CYCLE & AUTO SUPPLY CO., INC., et al., Respondents.— Respondent Fisher, an importer and distributor, purchased a partially assembled bicycle in a sealed carton from a manufacturer in England and thereafter sold the identical sealed carton, containing the bicycle, to respondent Progressive, a wholesaler, which in turn sold to defendant Miller, a retailer, who opened the carton, completed the assembly of the bicycle, and sold it to the mother of the infant herein. Neither of the two respondents made any inspection of the contents of the carton. About 11 days after the purchase from the retailer, the infant, while riding the bicycle, was injured when the front wheel came off. An action was commenced by the infant to recover damages for personal injuries (first cause of action) and by his mother for medical expenses and loss of services (third cause of action) against the importer, the wholesaler and the retailer, and by the infant for breach of warranty against the retailer (second cause of action). The appeals are from orders granting respondents' motions for summary judgment dismissing the first and third causes of action. The Special Term based its decision on the ground that respondents, who were merely vendors, were under no obligation to test articles manufactured or packed by others for the purpose of discovering or testing for latent or hidden defects. Orders reversed, with $10 costs and disbursements, and motions denied. A bicycle is a dangerous article when defectively constructed or assembled. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 387, 389.) A vendor who buys such goods from an unknown manufacturer or from one of dubious reputation knows that he does not know the condition of the chattel and has no reasonable ground for believing the chattel to be free from dangerous defects. (Restatement, Torts, § 401.) On the other hand, if the vendor buys from a reputable source of supply, he does have reasonable grounds for believing the chattel to be free from defects. (Restatement, Torts, § 402.) In the former case, the vendor does have the duty of inspection; in the latter, he does not. Nor does it appear whether the ultimate purchaser bought the chattel by brand name. There are questions of fact which require denial of the motions for summary judgment. Wenzel, Beldock, Murphy and Ughetta, JJ., concur; Nolan, P. J., concurs in the result, with the following memorandum:

Whether or not respondents may be held liable will depend on the determination of the facts on a trial. The motion papers, and documentary proof therein referred to, were insufficient to sustain the judgment granted by the orders appealed from. [3 Misc 2d 47.]