■  GINA GILBERT, an Infant, by SANFORD F. GILBERT, Her Guardian ad Litem, et al., Plaintiffs, v. RALPH BAROUCH et al., Appellants, and MANNION DODGE, INC., Respondent.— In an action to recover damages for personal injuries, defendants Barouch and Glass appeal from an order of the Supreme Court, Nassau County, dated May 8, 1959, denying their motion to dismiss for insufficiency the cross complaint of defendant Mannion Dodge, Inc., against them. Order reversed, with $10 costs and disbursements, motion granted and cross complaint dismissed, without costs. The amended complaint alleges, in effect, that the infant plaintiff's injuries were due to: (1) the negligence of

defendant Mannion Dodge, Inc., an authorized dealer, in selling to defendant Barouch a new car with defective brakes; and (2) the negligence of defendants Barouch and Glass in the operation of the vehicle. The cross complaint of defendant Mannion Dodge, Inc., alleges, in substance, that the said injuries resulted without any fault or negligence on its part; that defendants Barouch and Glass are primarily responsible for said injuries; and that said two defendants are obligated to indemnify defendant Mannion Dodge, Inc., for any damages plaintiffs may recover against it. The negligence attributed to defendant Mannion Dodge, Inc., was not a mere failure to perform a nondelegable duty imposed by law which under the circumstances should have been performed by another. It was an act of negligence in carrying out the duty of reasonable care owed toward plaintiffs and all those similarly situated, a duty that rests on manufacturers and sellers of products which are inherently dangerous if defective (*MacPherson* v. *Buick*, 217 N. Y. 382; *Santise* v. *Martins, Inc.*, 258 App. Div. 663; *Bergenfeld* v. *Alexander's Dept. Stores*, 207 Misc. 832; 2 Restatement, Torts, § 402; 2B Warren's Negligence, pp. 183–184). Consequently, the amended complaint charges defendant Mannion Dodge, Inc., with active negligence (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447; *McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314). Since there is no right of indemnity as between active wrongdoers, the cross complaint fails to state a cause of action (*Putvin* v. *Buffalo Elec. Co., supra*; *Fox* v. *Western New York Motor Lines*, 257 N. Y. 305). Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.