■ DARLENE KRUMPEK et al., Appellants, v MILLFELD TRADING COMPANY, INC., et al., Respondents. (Appeal No. 1.) [710 NYS2d 234] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Bifurcate Trial.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Kehoe and Balio, JJ.

■ DARLENE KRUMPEK et al., Appellants, v MILLFELD TRADING COMPANY, INC., et al., Respondents. (Appeal No. 3.) [709 NYS2d 265] —Judgment unanimously affirmed without costs.

Memorandum: Darlene Krumpek (plaintiff) was injured when she fell down several stairs while wearing a pair of high-heeled clogs purchased at Hills Department Store (Hills). As plaintiff started down the first step, she heard and felt the heel of the left shoe break. During the fall, the heel of the right shoe also broke away from the sole. Defendant Shoe Corporation of America, Division of S.C.O.A. Industries, Inc. (SCOA), the retailer that leased the shoe department at Hills, purchased the clogs from defendant Millfeld Trading Company, Inc. (MTC), an importer and wholesale distributor. Plaintiffs commenced this action against SCOA and MTC alleging causes of action for negligent design and manufacture, breach of express and implied warranties and strict products liability. Following a bifurcated trial on liability, the jury returned a verdict of no cause of action. Supreme Court thereafter denied plaintiffs' motion to set aside the verdict.

Contrary to plaintiffs' contention, the court did not abuse its discretion in granting defendants' motions for a bifurcated trial. Plaintiffs failed to establish that the nature of the injuries had "an important bearing on the question of liability" (*Parmar v Skinner*, 154 AD2d 444, 445; *see, Kotarski v Kotecki & Sons*, 239 AD2d 909). We agree with plaintiffs that the court erred in admitting testimony regarding general quality control standards that did not concern the shoes at issue. That error, however, did not prejudice a substantial right of plaintiffs and, therefore, does not warrant reversal (*see*, CPLR 2002).

We reject the contention of plaintiffs that the court erred in admitting testimony concerning MTC's general reputation. Plaintiffs asserted that SCOA, the retailer, had a duty to inspect the shoes, while SCOA asserted that it did not have a duty to inspect the shoes because it relied on MTC to do so. A vendor who purchases products from a reputable source of supply has reasonable grounds for believing the products to be free from defects, while a vendor who buys goods from an unknown manufacturer or one of dubious reputation has no such reasonable grounds (*see, Outwater v Miller*, 3 AD2d 670). Thus, the testimony regarding MTC's reputation in the industry was admissible to establish that SCOA had reasonable grounds to believe that it was receiving a product free from defects.

The court properly denied plaintiffs' request to charge PJI 2:120 with respect to MTC. That charge pertains to a manufacturer's liability to a remote consumer for negligence, and MTC did not manufacture the shoes.

We reject plaintiffs' contention that defendants failed to lay a proper foundation for the opinion of their expert concerning

the manner in which plaintiff's accident occurred. "[A] witness's qualification to testify as an expert rests in the discretion of the trial court, and its determination will not be disturbed in the absence of serious mistake, an error of law or abuse of discretion" (*Werner v Sun Oil Co.*, 65 NY2d 839, 840; *see, Price v New York City Hous. Auth.*, 92 NY2d 553, 558). Here, the record establishes that defendants' expert has been a professional engineer for over 50 years with a focus on footwear and footwear safety.

Lastly, we conclude that certain remarks made by counsel for SCOA during cross-examination of plaintiffs' expert did not deprive plaintiffs of a fair trial. Although those remarks were arguably improper, they did not constitute a pattern of behavior designed to divert the attention of the jurors from the issues at hand (*cf., Reynolds v Burghezi*, 227 AD2d 941, 942; *Mercurio v Dunlop, Ltd.*, 77 AD2d 647, 647-648). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.— Negligence.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Kehoe and Balio, JJ.