■ KELLY J. DANNER, Respondent, v JACKIE CAMPBELL et al., Appellants. [754 NYS2d 484] —Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered November 30, 2001, which, inter alia, granted plaintiff's motion for partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the affirmative defenses alleging plaintiff's culpable conduct are reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when the vehicle that she was driving was struck from behind by a vehicle driven by Jackie Campbell (defendant), who was following her to a nail salon from the high school they both attended. Supreme Court erred in granting plaintiff's motion for partial summary judgment on liability and in dismissing the affirmative defenses alleging plaintiff's culpable conduct. "It is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle * * *. The presumption of negligence imposes a duty of explanation with respect to the operation of the rear vehicle" (*Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790, 790; *see also Jones v Egan*, 252 AD2d 909, 911). "A non[-]negligent explanation for the collision, such as mechanical failure or the sudden and abrupt stop of the vehicle ahead, is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (*Rodriguez-Johnson v Hunt*, 279 AD2d 781, 782).

Here, plaintiff met her initial burden on the motion by establishing that her vehicle was rear-ended by the vehicle driven by defendant. Defendants, however, raised an issue of fact by submitting the deposition testimony of plaintiff in which she stated that, because she was looking at the street signs, she did not see a vehicle move into the lane directly in front of her vehicle. Plaintiff admitted that she slammed on her brakes to avoid hitting that vehicle, and that is when the vehicle driven by defendant rear-ended her vehicle. We conclude that defendants thereby offered a non-negligent explanation for the

collision, rendering partial summary judgment on liability and dismissal of the affirmative defenses alleging plaintiff's culpable conduct inappropriate (*see Mohamed v Town of Niskayuna,* 267 AD2d 909; *Tripp v GELCO Corp.,* 260 AD2d 925). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.