◼ LAURIE M. SCHOLZE, Respondent, v MICHAEL J. WASHINGTON et al., Appellants. [782 NYS2d 210]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered July 24, 2003. The order, insofar as appealed from, granted that part of plaintiff's motion for partial summary judgment on the issue of negligence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly granted that part of plaintiff's motion seeking partial summary judgment on the issue of negligence. "It is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle. . . . The presumption of negligence imposes a duty of explanation with respect to the operation of the rear vehicle" (*Pitchure v Kandefer Plumbing & Heating,* 273 AD2d 790, 790 [2000]; *see Danner v Campbell,* 302 AD2d 859 [2003]). Here, plaintiff met her initial burden on the motion by establishing that her vehicle was rear-ended by the vehicle driven by defendant Michael J. Washington (*see Danner,* 302 AD2d at 859; *Ruzycki v Baker,* 301 AD2d 48, 50 [2002]). Defendants failed to rebut the presumption of negligence and thus failed to raise a triable issue of fact (*see Ruzycki,* 301 AD2d at 50; *Mascitti v Greene,* 250 AD2d 821, 822 [1998]; *Leal v Wolff,* 224 AD2d 392, 393-394 [1996]). Present—Pine, J.P., Scudder, Kehoe, Martoche and Lawton, JJ.