█ SANDRA MATA et al., Respondents, v DARREN M. GRESS, Appellant, et al., Defendant. [794 NYS2d 239]—

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered October 6, 2004 in a personal injury action. The order, insofar as appealed from, granted those parts of plaintiffs' motion seeking partial summary judgment against defendant Darren M. Gress on the issue of negligence and dismissal of his affirmative defense alleging comparative negligence.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, those parts of the motion with respect to defendant Darren M. Gress on the issues of negligence and comparative negligence are denied and the third affirmative defense is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Sandra Mata (plaintiff) in a motor vehicle accident. Supreme Court erred in granting those parts of plaintiffs' motion with respect to Darren M. Gress (defendant) seeking partial summary judgment on the issue of negligence and dismissal of his affirmative defense alleging plaintiff's comparative negligence. We note at the outset that, although the court also granted that part of plaintiffs' motion seeking dismissal of defendant's affirmative defense alleging the failure of plaintiff to wear her seatbelt, defendant has not addressed that part of the order. Defendant therefore is deemed to have abandoned his appeal with respect to the dismissal of that affirmative defense (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). In addition, as noted by the court in its order, those parts of plaintiffs' motion with respect to the remaining defendant were resolved by a stipulated order.

In support of the motion, plaintiffs submitted the deposition testimony of plaintiff in which she testified that she had exited the New York State Thruway and that the vehicle driven by defendant rear-ended her vehicle while she was stopped at a yield sign and was waiting to merge into traffic on Ridge Road in Buffalo. Plaintiffs thereby met their initial burden on the motion by establishing a prima facie case of negligence, and they established their entitlement to judgment on the issues of negligence and comparative negligence (*see Danner v Campbell*, 302 AD2d 859 [2003]; *Ruzycki v Baker*, 301 AD2d 48, 50 [2002]; *Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790 [2000]). In opposition to the motion, defendant submitted an affidavit in which he stated that plaintiff's vehicle had stopped at the yield sign and that he followed the vehicle when it accelerated into an open lane of traffic on Ridge Road. According to defendant, plaintiff abruptly stopped her vehicle without any apparent reason, and defendant's vehicle, which was traveling at a speed of approximately five miles per hour, struck the rear of plaintiff's vehicle. We conclude that defendant offered a non-negligent explanation for the accident and thus raised an issue of fact sufficient to defeat the motion with respect to the issues of negligence and comparative negligence (*see Danner*, 302 AD2d at 859-860; *cf. Barton v Youmans*, 13 AD3d 1151 [2004]). Present—Green, J.P., Scudder, Gorski, Pine and Lawton, JJ.