◼ CARL J. DIRSCHEDL et al., Appellants, v ASHER B. BLUM et al., Respondents. [805 NYS2d 902]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered September 2, 2004 in a personal injury action. The order, inter alia, denied that part of plaintiffs' motion for partial summary judgment on the issue of defendant Asher B. Blum's negligence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries they allegedly sustained when, while stopped in their vehicle at a red traffic light, they were rear-ended by a vehicle driven by defendant Asher B. Blum and owned by defendant David J. Blum. Supreme Court properly denied that part of plaintiffs' motion for partial summary judgment on the issue of Asher's negligence. Although plaintiffs met their initial burden by establishing a prima facie case of negligence, defendants raised a triable issue of fact by offering a nonnegligent explanation for the accident (*see Mata v Gress*, 17 AD3d 1058, 1059 [2005]; *Danner v Campbell*, 302 AD2d 859

[2003]; *see also Stalikas v United Materials*, 306 AD2d 810, 810-811 [2003], *affd* 100 NY2d 626 [2003]). We further conclude that the court did not abuse its discretion in granting that part of defendants' cross motion for bifurcation of the trial (*see Krumpek v Millfeld Trading Co.* [appeal No. 3], 272 AD2d 879, 880 [2000]; *see also Koperda v Town of Whitestown*, 224 AD2d 944 [1996]). "Issues of liability and damages in a negligence action are distinct and severable issues that should be tried and determined separately unless plaintiff[s'] injuries have an important bearing on the issue of liability" (*Hrusa v Bogdan*, 278 AD2d 947, 947 [2000]), and here plaintiffs failed to establish that their injuries have an important bearing on the issue of liability (*see id.*; *Krumpek*, 272 AD2d at 880). Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.