10-4269-cv (L)
*Noveck v. Avis Rent a Car System, LLC, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:

AMALYA L. KEARSE,
JOSEPH M. MCLAUGHLIN,
JOSÉ A. CABRANES,
            *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MARK NOVECK,

            *Plaintiff-Appellee-Cross-Appellant*,

IRINA NOVECK,

            *Plaintiff-Appellee*,

    v.                                              Nos. 10-4269-cv (Lead)
                                                        10-4283-cv (XAP)

AVIS RENT A CAR SYSTEM, LLC, AESOP LEASING, LP,
CENDANT CAR RENTAL GROUP, PV HOLDINGS CORP.,

            *Defendants-Appellants-Cross-Appellees*,

GENERAL MOTORS CORP.,

            *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

**FOR PLAINTIFFS-APPELLEES AND
PLAINTIFF-CROSS-APPELLANT:**   LARRY E. COBEN, Anapol Schwartz, Scottsdale, AZ.

**FOR DEFENDANTS-APPELLANTS-
CROSS-APPELLEES:**   JASON STEINBERG, White, Fleischner & Fino, LLP, New York, NY.

Cross appeals from a final judgment entered on October 28, 2010, in the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** and that Avis's appeal is **DISMISSED** for lack of standing.

## Background

Plaintiff-Appellee-Cross-Appellant Mark Noveck ("Noveck") initiated this lawsuit in the Supreme Court of New York, Queens County. The action was subsequently removed to the District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1441 and 1332. Noveck asserted claims against Defendants-Appellants-Cross-Appellees PV Holdings Corporation, Aesop Leasing L.P., Cendant Car Rental Group, and Avis Rent-A-Car System, LLC (collectively, "Avis"), as well as against General Motors Corp. ("GM"), alleging strict liability in tort, negligence, and breach of express and implied warranties, after he was ejected from the vehicle that Avis had leased to him (which was designed and manufactured by GM) during a rollover accident. The gravamen of Noveck's complaint was that the vehicle, a 2005 Chevy Trailblazer, was defectively designed because it was not equipped with "side curtain airbags,"[1] an optional safety feature which, Noveck alleged, might have prevented him from being ejected from the vehicle and sustaining serious injuries.

After GM was dismissed from the case pursuant to a Settlement Agreement it entered into with Noveck, Avis moved for summary judgment, arguing that: (1) Noveck's strict liability and negligence claims were preempted by federal law; (2) Avis could not be held strictly liable because it was a third-party beneficiary of the Settlement Agreement between Noveck and GM; and (3) Avis could not be found liable on Noveck's negligence claims because it owed no duty to equip the vehicle with optional side curtain airbags.[2]

---

[1] Side curtain airbags (also known as "window curtains" or "rollover curtain airbags") are designed to drop down from the roof line above the door frame to protect a vehicle's occupants from intrusion, splintering glass, and window ejection. The National Highway Traffic Safety Administration has stated that "[m]otor vehicles with a side window curtain could reduce ejection through the front and rear side windows." Nat'l Highway Traffic Safety Admin., *Initiatives to Address the Mitigation of Vehicle Rollover* (June 2003), *available at* http://www.nhtsa.gov/DOT/NHTSA/Vehicle%20Safety/Studies%20&%20Reports/Associated%20Files/IPTRollover MitigationReport.pdf, at 13 (last visited Nov. 16, 2011).

[2] Avis did not move for summary judgment on Noveck's express and implied warranty claims, but they were subsequently dismissed as abandoned and are not before us on appeal.

The District Court denied Avis's motion with respect to federal preemption, but granted it with respect to strict liability and negligence. With respect to strict liability, the District Court found that Avis was an intended third-party beneficiary of the Settlement Agreement between Noveck and GM, which expressly contemplated that Noveck would only proceed against Avis on claims "that Avis was *independently* negligent." With respect to negligence, the District Court held that, although rental car agencies may, under some circumstances, owe a duty to equip and lease their vehicles with optional safety equipment, Avis owed no such duty in this case, and therefore could not be found negligent.

We assume the parties' familiarity with the remaining facts and procedural history of the case.

## Avis's Appeal

Avis, the prevailing party, has appealed the District Court's judgment "only to the extent that the [District] Court denied Avis'[s] motion for summary judgment seeking a dismissal of [Noveck's] claims on the ground that [Noveck's] claims of strict liability and negligence were preempted as a matter of law." Amended Notice of Appeal and Cross-Notice of Appeal, *Noveck v. Gen. Motors Corp., et al.*, No. 07-cv-02948 (E.D.N.Y. Nov. 18, 2010), ECF No. 103. We dismiss Avis's appeal for lack of standing. "Ordinarily, a party to a lawsuit has no standing to appeal an order unless [it] can show some basis for arguing that the challenged action causes [it] a cognizable injury, *i.e.*, that [it] is 'aggrieved' by the order." *Spencer v. Casavilla*, 44 F.3d 74, 78 (2d Cir. 1994). Here, Avis prevailed in having all claims dismissed against it and is aggrieved only inasmuch as the District Court did not dismiss the claims on its preferred grounds—namely, federal preemption. However, as an appellate court, we "review[] judgments, not statements in opinions." *Black v. Cutter Labs.*, 351 U.S. 292, 297 (1956); *see also California v. Rooney*, 483 U.S. 307, 311 (1987) ("The fact that the [lower court] reached its decision through analysis different than this Court might have used does not make it appropriate for this Court to rewrite the [lower court's] decision, or for the prevailing party to request us to review it."). Avis has not suggested any reason to believe that it is an "aggrieved party," even after this omission was pointed out in Noveck's responsive brief on appeal. Because it is not aggrieved by the judgment of the District Court, we dismiss Avis's appeal for lack of standing.

## Noveck's Cross-Appeal

Noveck, who undoubtedly does have standing as an aggrieved party, cross-appeals from the District Court's judgment dismissing his claims. Although Noveck's Amended Notice and Cross-Notice of Appeal states that he appeals from the final judgment dismissing "all of [his] claims," Amended Notice and Cross-Notice of Appeal, *Noveck*, No. 07-cv-02948 (E.D.N.Y. Nov. 4, 2010), ECF No. 102, he has addressed only the negligence claims in his briefs before this court. "Issues not briefed on appeal are considered abandoned." *Ahmed v. Holder*, 624 F.3d 150, 153 (2d Cir. 2010). Therefore, we do not address the District Court's judgment dismissing Noveck's claim of strict liability in tort.

With respect to Noveck's negligence claims, we affirm the District Court's holding that Avis did not have a specific duty to equip its 2005 Chevy Trailblazer vehicles with optional side curtain airbags. As the New York Court of Appeals has explained, courts establish whether a specific duty of care is owed "by balancing factors, including the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability,

3

disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability." *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232 (2001) (internal quotation marks omitted). We are aware of no authority, in New York or elsewhere, holding that a rental car agency has a specific duty to equip its vehicles with optional safety features and Noveck has not persuaded us that we should find such a duty as a matter of first impression here.[3]

Although we agree with the District Court that, on the record in this case, Avis did not have a duty to equip the 2005 Trailblazers with side curtain airbags, we note that Avis was under a general duty to exercise reasonable care to "provide. . . a vehicle in safe condition and good working order." *Betancourt v. Manhattan Ford Lincoln Mercury*, 195 A.D.2d 247 (1st Dep't 1994) (finding that rental car agency breached its duty to provide a vehicle in safe condition and good working order, where the vehicle had a history of overheating as the result of leaking engine coolant and the agency failed to rectify the problem despite it being reported to it on two prior occasions); *see generally* Restatement (Second) of Torts ("Restatement") § 408 (1965) ("One who leases a chattel as safe for immediate use is subject to liability . . . if the lessor fails to exercise reasonable care to make it safe for such use or to disclose its actual condition to those who may be expected to use it.").[4] This general duty includes a "duty to inspect for and to discover such defects as a reasonable physical inspection would disclose." *Naples v. City of New York*, 34 A.D.2d 577, 578 (2d Dep't 1970) (addressing retailers of goods manufactured by others); *see also* Restatement § 408 (explaining duty to inspect). For substantially the reasons expressed by the District Court, *see Noveck v. PV Holdings Corp.*, 742 F. Supp. 2d 284, 298-304 (E.D.N.Y. 2010), we conclude that, based on the record in this case, Avis cannot be held liable for breaching this more general duty.

Under § 408 of the Restatement (Second) of Torts, "[t]he minuteness of the inspection required [of a lessor of chattel] varies with the danger which will be likely to result if the chattel is defective, the source from which the lessor has obtained the chattel, and the length of time during which it has been in the lessor's possession and use." Restatement § 408 cmt. a. Where, as here, a lessor purchases its chattel from a maker that "has a high reputation for the quality of [its] product," the lessor "may to a large extent rely upon the article as being well made, and is required to make only such inspections as any purchaser from such a maker should make before using it." *Id.* Relevant to our discussion here, the Reporter's Notes provide the following illustration:

---

[3] To support his argument that Avis owed a duty to equip the 2005 Trailblazer with side curtain airbags, Noveck relied on the affidavits of two purported experts. However, the District Court rejected the testimony of these witnesses under Federal Rule of Civil Procedure 56(e) and Federal Rule of Evidence 702. Neither of Noveck's experts had any experience in the rental car industry, and therefore neither could opine on standard industry practices and customs. Instead, they offered conclusory opinions that Avis had a duty to research and determine the safety of the 2005 Chevy Trailblazer and to order the optional side curtain airbags. The District Court therefore did not abuse its discretion in rejecting the opinions of these purported experts. In any event, having reviewed their affidavits, we find them unhelpful in balancing the factors set out in *Hamilton*.

[4] Although New York courts have not expressly adopted this section of the Restatement (Second), we find it persuasive inasmuch as it is consistent with New York law. *See* 86 N.Y. Jur. 2d, Products Liability § 131; *see also Gilbert v. Barouch*, 10 A.D.2d 984, 985 (2d Dep't 1960) (addressing liability of dealers); *Morrissey v. Mazzio*, 249 A.D. 788, 788 (2d Dep't 1936) (same).

4

> The A Company makes a business of letting out automobiles to be driven by the lessees for long or short trips. It buys an automobile from the X Company, whose cars have a high reputation. The A Company is required to make such an inspection as is necessary to check up any slips which may have escaped the inspection of the X Company.

*Id.* Illustration 1. This is in accord with New York law. *See* 86 N.Y. Jur. 2d, Products Liability § 131 ("A dealer in new motor vehicles manufactured by a manufacturer of national reputation is not under a duty to inspect such a vehicle to discover latent defects, nor is the dealer liable for an injury resulting from such a defect that was unknown to the dealer . . . ."); *see generally Krumpek v. Millfeld Trading Co.*, 272 A.D.2d 879, 880 (4th Dep't 2000) ("A vendor who purchases products from a reputable source of supply has reasonable grounds for believing the products to be free from defects . . . ."); *Morrissey*, 249 A.D. at 788 (affirming dismissal of complaint against dealers of allegedly defective automobile because they "are merely dealers in automobiles manufactured by a manufacturer of national reputation").

Applying these principles to the instant case, Avis purchased the 2005 Trailblazers new from GM, an indisputably reputable manufacturer. Under the circumstances, Avis was entitled to rely in large measure on GM's reputation in assuming that the vehicles were not defectively designed, even absent the side curtain airbags. Though the result might be different if it were obvious upon inspection that, without side curtain airbags, the 2005 Trailblazer was defectively designed, Noveck failed to adduce sufficient evidence to put this question to a jury, even under the standard applicable at summary judgment. He argued that Avis should have known that the 2005 Trailblazers were defective because the National Highway Traffic Safety Administration had previously given the 2001 4x2 Chevy Blazer its lowest rollover resistance rating, and that this rating had been reported by the Daily News in New York City. We agree with the District Court that these reports, which related to a completely different model and year than those at issue in this case, did not create a genuine issue of material fact as to whether Avis knew or should have known that, absent side curtain airbags, the 2005 Chevy Trailblazer was a defective product. Noveck also cannot rely on the affidavits of his purported experts because, as discussed above, *see* note 3, *ante*, they were properly excluded by the District Court.

In sum, we hold that Avis did not have a specific duty to equip the 2005 Trailblazer with optional side curtain airbags, and that, based on the record in this case, its failure to do so was not a breach of its general duty to exercise reasonable care to ensure the safety of the its vehicles.

## Conclusion

We have considered all of Noveck's arguments on appeal and find them to be without merit. In addition, we conclude that Avis does not have standing to appeal the final judgment in its favor. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court and **DISMISS** Avis's appeal.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court