An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER GARDNER, AN INDIVIDUAL,
Appellant,
vs.
ALFRED LETCHER, AN INDIVIDUAL,
Respondent.

No. 61240

**FILED**

JUL 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Maline
DEPUTY CLERK

## ORDER OF SUMMARY AFFIRMANCE AND DENYING PETITION FOR REHEARING

This is an appeal from a district court order granting, on reconsideration, summary judgment to respondent and dismissing respondent's counterclaims under NRCP 41(a)(2). Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

On February 4, 2013, we concluded that respondent Alfred Letcher was not an aggrieved party with standing to appeal and dismissed his appeal for lack of jurisdiction. In that order, we also directed the parties to show cause why, with respect to the appeal filed by appellant Christopher Gardner, the district court's June 8, 2012, order granting summary judgment on reconsideration should not be interpreted as modifying the prior March 26, 2012, summary judgment and summarily affirmed. Our show cause order was based on the facts that, in his appeal, Gardner sought only a determination that the June 8 order superseded the March 26 order and Letcher conceded in his response to the show cause order that the June 8 order rescinded two of the three bases for summary judgment noted in the March 26 order. Gardner timely responded, not opposing summary affirmance on this ground. Letcher did not respond to the show cause order but instead moved for rehearing of the portion of the order dismissing his appeal, asserting that orders

granting reconsideration are appealable under NRAP 3A(b)(8) as special orders after final judgment and that he is aggrieved by the district court's improper grant of reconsideration because the two rescinded bases are relevant to other litigation between the parties.

Regarding the show cause order, in the district court's June 8 order, the court expressly granted reconsideration for the purpose of rehearing the matter and issued a new summary judgment, which effectively supersedes the prior March 26 order. The parties appear to agree that the March 26 order is no longer effective. Accordingly, summary affirmance is warranted.

With respect to the petition for rehearing, while our dismissal order incorrectly suggested that an order granting reconsideration is not ever appealable, see Bates v. Nev. Savings & Loan Ass'n, 85 Nev. 441, 452, 456 P.2d 450, 443 (1969) (stating that a post-judgment order granting rehearing is appealable); cf. Gumm v. Mainor, 118 Nev. 912, 59 P.3d 1220 (2002) (explaining that a post-judgment order is appealable only when it affects a party's rights growing out of the final judgment),[1] rehearing is not warranted here because Letcher has not demonstrated that he was aggrieved by the order granting reconsideration. The original March 26 summary judgment was based on Gardner's failure to oppose, and thus, was resolved on all three grounds asserted in Letcher's motion. Reconsideration was granted only to rehear the matter, and in the same order, the district court finally resolved the action by way of summary judgment, again in Letcher's favor. Although the court rescinded two of

---

[1]Here, the order granting reconsideration was entered as part of the final judgment dismissing Letcher's pending counterclaims, and thus, was not clearly a post-judgment order appealable under NRAP 3A(b)(8).

Supreme Court
of
Nevada

(O) 1947A

2

the bases for relief set forth in the March 26 order, it nonetheless granted Letcher relief on one of the grounds asserted in his motion. Thus, neither the reconsideration nor the final summary judgment in his favor adversely and substantially affected Letcher's rights. NRAP 3A(a); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 874 P.2d 729 (1994); *see Noveck v. Avis Rent A Car System, LLC*, 446 Fed. Appx. 370, 372-73 (2d Cir. 2011) (dismissing for lack of standing an appeal in which the appellant was "aggrieved" only to the extent that dismissal was not rendered on the preferred grounds and citing *Black v. Cutter Labs.*, 351 U.S. 292, 297 (1956) (noting that appellate courts "review[ ] judgments, not statements in opinions") and *Cal. v. Rooney*, 483 U.S. 307, 311, (1987) ("The fact that the [trial court] reached its decision through analysis different than this Court might have used does not make it appropriate for this Court to rewrite the [trial court's] decision, or for the prevailing party to request us to review it.")).

Accordingly, we deny rehearing, NRAP 40(c), and summarily ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.        _____, J.
Parraguirre                        Cherry

---

[2]In light of this order, we vacate our March 15, 2013, order directing an answer to the rehearing petition and deny as moot Gardner's May 21, 2013, motion for an extension of time to retain new counsel and cause counsel to enter an appearance.

cc:    Hon. Susan Johnson, District Judge
Christopher Gardner
Cotton, Driggs, Walch, Holley, Woloson & Thompson/Las Vegas
Somach, Simmons & Dunn
Eighth District Court Clerk