Macri v Kotrys (2018 NY Slip Op 06387)





Macri v Kotrys


2018 NY Slip Op 06387


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


985 CA 18-00612

[*1]TIROUI MACRI AND THOMAS MACRI, PLAINTIFFS-RESPONDENTS,
v
JOSEPH M. KOTRYS, DEFENDANT-APPELLANT. 






LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JEFFREY SENDZIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.
GROSS SHUMAN P.C., BUFFALO (SARAH P. RERA OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered January 5, 2018. The order granted the motion of plaintiffs for partial summary judgment on the issue of negligence and to dismiss certain affirmative defenses. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part with respect to the issue of negligence and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Tiroui Macri (plaintiff) when the vehicle in which she was a passenger was rear-ended by a vehicle driven by defendant. Supreme Court thereafter granted plaintiffs' motion for partial summary judgment on the issue of negligence and dismissing defendant's first and fifth affirmative defenses. Defendant now appeals. Preliminarily, we note that defendant has abandoned any challenge to the court's dismissal of his first and fifth affirmative defenses (see Mata v Gress, 17 AD3d 1058, 1058 [4th Dept 2005]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We agree with defendant, however, that the court erred in granting summary judgment in plaintiffs' favor on the issue of negligence, and we therefore modify the order accordingly.
"It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle . . . In order to rebut the presumption [of negligence], the driver of the rear vehicle must submit a non[]negligent explanation for the collision . . . One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle . . . , and such an explanation is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (Tate v Brown, 125 AD3d 1397, 1398 [4th Dept 2015] [internal quotation marks omitted]; see Brooks v High St. Professional Bldg., Inc., 34 AD3d 1265, 1266 [4th Dept 2006]; Chepel v Meyers, 306 AD2d 235, 237 [2d Dept 2003]). Here, defendant averred that he was traveling behind the vehicle in which plaintiff was a passenger when it stopped suddenly at a green light and that, despite his efforts, he could not stop in time to avoid a collision. Plaintiff offered a contrary account in her affidavit. Thus, there is an issue of fact sufficient to defeat plaintiffs' motion with respect to the issue of negligence (see Tate, 125 AD3d at 1398-1399; Mata, 17 AD3d at 1059).
Finally, we note that the portions of defendant's deposition upon which plaintiffs rely are outside the record on appeal and have not been considered (see Eastern Concrete Materials, Inc./NYC Concrete Materials v DeRosa Tennis Contrs., Inc., 139 AD3d 510, 512 [1st Dept 2016]; Kanter v Pieri, 11 AD3d 912, 913 [4th Dept 2004]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court