■ JEANETTE B. BROOKS, Plaintiff, v HIGH STREET PROFESSIONAL BUILDING, INC., et al., Defendants, and Third-Party Plaintiffs-Respondents. CECIL A. BROOKS, Third-Party Defendant-Appellant. [825 NYS2d 330]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 7, 2005. The order denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle in which she was a passenger was rear-ended by a vehicle driven by defendant and third-party plaintiff Dawn M. Stanley and owned by defendant and third-party plaintiff High Street Professional Building, Inc. The sole issue on appeal is whether Supreme Court erred in denying the motion of third-party defendant, plaintiff's husband and the driver of the vehicle in which plaintiff was a passenger, for summary judgment dismissing the third-party complaint. We affirm.

"It is well established that when the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Chepel v Meyers*, 306 AD2d 235, 236 [2003]; *see* Vehicle and Traffic Law § 1129 [a]; *Power v Hupart*, 260 AD2d 458 [1999]). In addition, it is well established that "a driver also has the duty 'not to stop suddenly or slow down without proper signaling so as to avoid a collision' " (*Chepel*, 306 AD2d at 236; *see* Vehicle and Traffic Law § 1163; *Purcell v Axelsen*, 286 AD2d 379, 380 [2001]; *Niemiec v Jones*, 237 AD2d 267, 268 [1997]). A rear-end collision with a vehicle that is stopped or is in the process of stopping "creates a prima facie case of liability with respect to the [driver] of the rearmost vehicle, thereby requiring that [driver] to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Chepel*, 306 AD2d at 237; *see Purcell*, 286 AD2d at 380). "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle" (*Chepel*, 306 AD2d at 237), and such an explanation "is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (*Rodriguez-Johnson v Hunt*, 279 AD2d 781, 782 [2001]; *see Danner v Campbell*, 302 AD2d 859 [2003]).

Here, in support of his motion, third-party defendant submitted his deposition testimony in which he testified that he was stopped on the on-ramp waiting to merge into heavy traffic when Stanley rear-ended his vehicle at more than a minimal

speed. Also in support of his motion, however, third-party defendant submitted the deposition testimony of Stanley in which she testified that the vehicle driven by third-party defendant began to accelerate into traffic but suddenly returned to her lane of travel and abruptly stopped or began to stop, causing the collision between her vehicle and the vehicle driven by third-party defendant. We thus conclude that third-party defendant failed to meet his initial burden of establishing his entitlement to judgment as a matter of law inasmuch as he submitted the deposition testimony in which Stanley provided a nonnegligent explanation for the collision (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Hurlbutt, A.P.J., Scudder, Gorski and Smith, JJ.