■ DENNIS P. HERDENDORF et al., Respondents, v ANNE SULLIVAN POLINO, Appellant. [842 NYS2d 849]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered April 11, 2006 in a personal injury action. The order granted plaintiffs' motion for partial summary judgment on the issue of negligence and dismissal of the affirmative defenses.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Dennis P. Herdendorf (plaintiff) when his vehicle was rear-ended by a vehicle driven by defendant. We reject defendant's contention that Supreme Court erred in granting those parts of plaintiffs' motion seeking partial summary judgment on the issue of negligence and dismissal of the affirmative defense concerning plaintiff's alleged culpable conduct. "It is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle . . . The presumption of negligence imposes a duty of explanation with respect to the operation of the rear vehicle" (*Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790, 790 [2000]; *see Jones v Egan*, 252 AD2d 909, 911 [1998]). In support of their motion, plaintiffs submitted the deposition testimony of plaintiff establishing that his stopped vehicle was rear-ended by defendant's vehicle. Although defendant correctly notes that "[a] nonnegligent explanation for the collision, such as mechanical failure or the sudden and abrupt stop of the vehicle ahead, is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (*Rodriguez-Johnson v Hunt*, 279 AD2d 781, 782 [2001]), defendant presented no such

explanation here. " 'As it can easily be anticipated that cars up ahead will make frequent stops in rush hour traffic, "[d]efendant driver's failure to anticipate and react to the slow and cautious movement of plaintiff's vehicle" is not an adequate, non-negligent explanation for the accident' " (*Ruzycki v Baker*, 301 AD2d 48, 50 [2002]), particularly in light of the deposition testimony of defendant establishing that she could not see the traffic signal or the movement of traffic in front of plaintiff's vehicle.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.