■ SHANNON L. JOHNSON, Appellant, v YARUSSI CONSTRUCTION, INC., et al., Respondents, et al., Defendants. [902 NYS2d 763]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 8, 2009 in a personal injury action. The order granted the motion of defendants Yarussi Construction, Inc. and Carmen Bongiovanni for summary judgment and dismissed the complaint against them.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained when the motor vehicle she was driving collided with the rear end of a tractor-trailer owned by defendant Yarussi Construction, Inc. and operated by defendant Carmen Bongiovanni (collectively, defendants). Defendants moved for summary judgment dismissing the complaint against them on the grounds that they were not negligent and that plaintiff did not sustain a serious injury in the accident. We agree with plaintiff that Supreme Court erred in granting the motion of defendants on the ground that they were not negligent.

"It is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle . . . The presumption of negligence imposes a duty [on that driver to] . . . submit a non-

negligent explanation for the collision" (*Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790, 790 [2000]; *see Herdendorf v Polino*, 43 AD3d 1429 [2007]). Conversely, "[a] nonnegligent explanation for the collision, such as mechanical failure or the sudden and abrupt stop of the vehicle ahead, is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (*Rodriguez-Johnson v Hunt*, 279 AD2d 781, 782 [2001]; *see Herdendorf*, 43 AD3d at 1429-1430).

In support of their motion, defendants submitted the deposition testimony of Bongiovanni, who testified that the tractor-trailer was struck from behind while waiting for two cars to move so that he could negotiate a sharp right-hand turn into an access road. In addition, however, defendants submitted the deposition testimony of plaintiff, in which she testified that the tractor-trailer was stopped in the left of the two northbound lanes of travel, began to turn right from that lane, and then abruptly stopped again for no apparent reason. "Viewing the evidence in the light most favorable to the nonmoving part[y], as we must . . . , and given the divergent views of the manner in which the accident occurred, we conclude that there is an issue of fact" whether Bongiovanni's negligence was a proximate cause of the collision, which therefore precludes an award of summary judgment to defendants (*Graziadei v Mohamed*, 23 AD3d 1100, 1101 [2005] [citations omitted]; *see Ramadan v Maritato*, 50 AD3d 1620 [2008]; *Heal v Liszewski*, 294 AD2d 911 [2002]).

Finally, we reject the contention of defendants on appeal that the court erred in implicitly denying their motion with respect to the issue of serious injury. In view of its decision with respect to the negligence ground as the basis for the motion, the court determined that the remaining ground for defendants' motion was moot and thus did not reach it. Because that ground, i.e., whether plaintiff sustained a serious injury, is no longer moot, we remit the matter to Supreme Court to determine that issue and thus to decide defendants' motion (*see Murray v Lancaster Motorsports, Inc.*, 27 AD3d 1193, 1196 [2006]). Present— Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.