# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1164**

**CA 12-00664**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

NEREIDA ROSARIO, PLAINTIFF-RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

JOSEPH SWIATKOWSKI, DEFENDANT-RESPONDENT,
AND LILLIAN COTTO, DEFENDANT-APPELLANT.
(ACTION NO. 1.)
-----------------------------------------
ROXANA REYES, PLAINTIFF-RESPONDENT,

                    V

JOSEPH SWIATKOWSKI, DEFENDANT-RESPONDENT,
AND LILLIAN COTTO, DEFENDANT-APPELLANT.
(ACTION NO. 2.)

---

BARTH SULLIVAN BEHR, BUFFALO (SARAH P. RERA OF COUNSEL), FOR
DEFENDANT-APPELLANT.

WAYNE C. FELLE, P.C., WILLIAMSVILLE (WAYNE C. FELLE OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

     Appeal from an order of the Supreme Court, Erie County (Timothy
J. Drury, J.), entered July 27, 2011 in personal injury actions.  The
order denied the motion of defendant Lillian Cotto for, inter alia,
summary judgment dismissing the complaints against her.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  Plaintiffs commenced these actions, respectively,
seeking damages for injuries they sustained in a motor vehicle
accident.  Plaintiffs were passengers in a vehicle operated by
defendant Lillian Cotto that was rear-ended by a vehicle operated by
defendant Joseph Swiatkowski.  Cotto appeals from an order denying her
motion for, inter alia, summary judgment dismissing the complaints
against her.  We affirm.

     A rear-end collision with a vehicle that is stopped or is in the
process of stopping "creates a prima facie case of liability with
respect to the [driver] of the rearmost vehicle, thereby requiring

that [driver] to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Chepel v Meyers*, 306 AD2d 235, 237).  Here, in support of her motion, Cotto submitted her deposition testimony in which she stated that her foot was on the brake the entire time that she was stopped at the stop sign and that she did not "creep" past the stop sign before the accident occurred.  Cotto, however, also submitted in support of her motion the deposition testimony of Swiatkowski in which he stated that he was stopped at a stop sign behind Cotto's vehicle; that Cotto's vehicle began moving forward to merge into traffic; that Swiatkowski then checked for oncoming traffic and, when he saw that the lane was clear, he proceeded forward; and that Cotto thereafter "slammed on her brakes," causing him to collide with her vehicle.  We thus conclude that Cotto "failed to meet [her] initial burden of establishing [her] entitlement to judgment as a matter of law inasmuch as [she] submitted the deposition testimony in which [Swiatkowski] provided a nonnegligent explanation for the collision" (*Brooks v High St. Professional Bldg., Inc.*, 34 AD3d 1265, 1267).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court