Memorandum: Plaintiffs commenced these actions, respectively, seeking damages for injuries they sustained in a motor vehicle accident. Plaintiffs were passengers in a vehicle operated by defendant Lillian Cotto that was rear-ended by a vehicle operated by defendant Joseph Swiatkowski. Cotto appeals from an order denying her motion for, inter alia, summary judgment dismissing the complaints against her. We affirm.
A rear-end collision with a vehicle that is stopped or is in the process of stopping “creates a prima facie case of liability with respect to the [driver] of the rearmost vehicle, thereby requiring that [driver] to rebut the inference of negligence by providing a nonnegligent explanation for the collision” (Chepel v Meyers, 306 AD2d 235, 237 [2003]). Here, in support of her motion, Cotto submitted her deposition testimony in which she stated that her foot was on the brake the entire time that she was stopped at the stop sign and that she did not “creep” past the stop sign before the accident occurred. Cotto, however, also submitted in support of her motion the deposition testimony of Swiatkowski in which he stated that he was stopped at a stop sign behind Cotto’s vehicle; that Cotto’s vehicle began moving forward to merge into traffic; that Swiatkowski then checked for oncoming traffic and, when he saw that the lane was clear, he proceeded forward; and that Cotto thereafter “slammed on her brakes,” causing him to collide with her vehicle. We thus conclude that Cotto “failed to meet [her] initial burden of establishing [her] entitlement to judgment as a matter of law inasmuch as [she] submitted the deposition testimony in which *1610 [Swiatkowski] provided a nonnegligent explanation for the collision” (Brooks v High St. Professional Bldg., Inc., 34 AD3d 1265, 1267 [2006]). Present — Centra, J.P, Peradotto, Lindley, Sconiers and Martoche, JJ.