# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1324**

**CA 13-02003**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

FRANKLIN TATE, PLAINTIFF-APPELLANT,

                        V                            MEMORANDUM AND ORDER

TIMOTHY L. BROWN, DEFENDANT-RESPONDENT.

---

LOUIS ROSADO, BUFFALO, FOR PLAINTIFF-APPELLANT.

BURGIO KITA CURVIN & BANKER, BUFFALO (JAMES BURGIO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered July 31, 2013. The order and judgment, inter alia, granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion and reinstating the complaint, and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he allegedly sustained when the vehicle in which he was a passenger was struck from behind by a vehicle owned and operated by defendant. Although plaintiff asserted in his bill of particulars that he sustained a serious injury under two categories of serious injury, he thereafter asserted that he sustained a serious injury under only one category, i.e., a significant limitation of use of a body function or system (*see* Insurance Law § 5102 [d]). Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury, and denied plaintiff's cross motion for summary judgment on the issues of serious injury and negligence, i.e., the issue of liability (*see generally Ruzycki v Baker*, 301 AD2d 48, 51). We agree with plaintiff that the court erred in granting defendant's motion, and we therefore modify the order and judgment accordingly. Initially, we conclude that defendant failed to meet his initial burden of presenting evidence in admissible form establishing that plaintiff did not sustain a serious injury that was causally related to the accident in question (*see Fisher v Hill*, 114 AD3d 1193, 1193-1194, *lv denied* 23 NY3d 909; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In support of his motion, defendant submitted the reports of four physicians who examined plaintiff on behalf of defendant. In one of those reports, the physician noted

that MRIs taken of plaintiff show that he has herniated and bulging discs and has range of motion limitations with respect to his cervical and lumbar spine, which were quantified and determined to be not insignificant.  The physician stated with respect to causation that, "[b]ased on the history provided by the [plaintiff], it is apparent that the injuries sustained and the reported accident, are causally related."

In the second report submitted by defendant, the orthopedic surgeon likewise noted the herniated and bulging discs and concluded that plaintiff had range of motion limitations in his cervical spine. The orthopedic surgeon further concluded that "there is a causal relationship between the accident of record and the [plaintiff's] reported symptomatology."  Thus, as noted, neither physician opined that plaintiff's injuries were not causally related to the subject accident.  Although the two other physicians who examined plaintiff on defendant's behalf concluded that he did not sustain a serious injury in the accident and that his claimed limitations arise from preexisting injuries, the conflict between the reports of those physicians and those of the other two physicians who examined plaintiff on defendant's behalf creates an issue of fact.  Defendant therefore failed to meet his initial burden of establishing his entitlement to judgment as a matter of law, and "the burden never shifted to plaintiff to raise a triable issue of fact" (*Houston v Geerlings*, 83 AD3d 1448, 1450; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Plaintiff has abandoned that portion of his cross motion seeking summary judgment on the issue of serious injury.  We agree with defendant, however, that the court properly denied that part of plaintiff's cross motion for summary judgment on the issue of negligence.  It is well settled that "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (*Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790, 790; *see Leal v Wolff*, 224 AD2d 392, 393). "In order to rebut the presumption [of negligence], the driver of the rear vehicle must submit a non[]negligent explanation for the collision" (*Pitchure*, 273 AD2d at 790; *see Herdendorf v Polino*, 43 AD3d 1429, 1429).  " 'One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle' . . . , and such an explanation 'is sufficient to overcome the inference of negligence and preclude an award of summary judgment' " (*Brooks v High St. Professional Bldg., Inc.*, 34 AD3d 1265, 1266; *see Danner v Campbell*, 302 AD2d 859, 859).  Here, defendant testified at his deposition that the vehicle in which plaintiff was a passenger stopped "suddenly" in the traffic lane in front of him, and that he could not stop in time to avoid a collision, while the driver of plaintiff's vehicle offered contrary testimony at her deposition.  Thus, there is an issue of fact sufficient to defeat that part of plaintiff's cross motion.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court