# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**834**

**CA 14-02094**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

NICOLE VARI, PLAINTIFF-RESPONDENT,

V                                                                                      MEMORANDUM AND ORDER

PETER A. CAPITANO, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

LAW OFFICE OF DESTIN C. SANTACROSE, BUFFALO (LISA M. DIAZ-ORDAZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

GELBER & O'CONNELL, LLC, AMHERST (KRISTOPHER A. SCHWARZMUELLER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 3, 2014. The order, insofar as appealed from, granted those parts of plaintiff's motion seeking partial summary judgment against defendant Peter A. Capitano on the issue of negligence, and dismissal of defendant Peter A. Capitano's affirmative defense of comparative negligence.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, and those parts of the motion seeking summary judgment on the issue of defendant Peter A. Capitano's negligence and dismissal of that defendant's first affirmative defense insofar as it asserts comparative negligence are denied.

Memorandum: Plaintiff commenced this consolidated personal injury action for injuries she sustained in two separate motor vehicle accidents. Only the first accident, which occurred on November 6, 2008 and involved plaintiff and Peter A. Capitano (defendant), is at issue on appeal. Plaintiff moved for partial summary judgment on the issue of defendant's negligence and to dismiss defendant's first affirmative defense, which was premised on "the culpable conduct of the plaintiff, including comparative negligence and assumption of risk . . . and failure to wear a seatbelt." Defendant contends that Supreme Court erred in granting that part of the motion concerning defendant's negligence, as well as that part of the motion seeking dismissal of the first affirmative defense insofar as it asserts comparative negligence. We agree.

Plaintiff testified at her deposition that she was stopped at a red light when defendant's vehicle hit her vehicle from behind. Although the fact that defendant's vehicle rear-ended plaintiff's

stopped vehicle establishes a prima facie case of negligence, we conclude that there is evidence of a nonnegligent explanation for the collision sufficient to preclude an award of summary judgment to plaintiff (*see Johnson v Yarussi Constr., Inc.*, 74 AD3d 1772, 1772-1773; *Ramadan v Maritato*, 50 AD3d 1620, 1621). Defendant testified at his deposition that he brought his vehicle to a complete stop behind plaintiff's vehicle and that, when the light turned green, plaintiff "took off" and then "stopped dead," giving him no opportunity to stop his vehicle in time to avoid the collision. Defendant's account of the accident was also supported by the deposition testimony of a nonparty witness. Given the divergent accounts of the manner in which the accident occurred, "there remains an issue of fact with regard to the respective negligence, if any, on the part of plaintiff and defendant[]" (*Palmer v Horton*, 66 AD3d 1433, 1434; *see Johnson*, 74 AD3d at 1772-1773; *Ramadan*, 50 AD3d at 1621).

Entered:  July 2, 2015                        Frances E. Cafarell
                                              Clerk of the Court