■ Larry D. Gardner, Respondent, v William P. Chester et al., Appellants. [58 NYS3d 793]—

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 18, 2016. The order, insofar as appealed from, granted that part of the motion of plaintiff seeking summary judgment on the issue of defendants' negligence.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle he was driving was struck from behind by a pickup truck operated by Kevin P. Chester (defendant) and owned by defendant William P. Chester. On appeal, defendants contend that Supreme Court erred in granting that part of plaintiff's motion for partial summary judgment on the issue of defendants' negligence. We agree.

"A rear-end collision with a vehicle that is stopped or is in the process of stopping 'creates a prima facie case of liability with respect to the [driver] of the rearmost vehicle, thereby requiring that [driver] to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Rosario v Swiatkowski*, 101 AD3d 1609, 1609 [2012]). " 'One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle' . . . , and such an explanation '[may be] sufficient to overcome the inference of negligence and preclude an award of summary judgment' " (*Brooks v High St. Professional Bldg., Inc.*, 34 AD3d 1265, 1266 [2006]; *see Tate v Brown*, 125 AD3d 1397, 1398-1399 [2015]; *Danner v Campbell*, 302 AD2d 859, 859-860 [2003]).

Here, in support of his motion, plaintiff submitted his deposition testimony in which he stated that he was traveling along a three-lane highway at slightly below the speed limit in moderate rush hour traffic. According to plaintiff, traffic was "flowing" until he moved beyond a certain exit, at which point the left and middle lanes were moving slowly, so plaintiff changed lanes into the right lane, came to a gradual and full stop, and was stopped for 5 to 10 seconds before being rear-ended by the truck operated by defendant. Plaintiff, however, also submitted the deposition testimony of defendant, who stated that he did not see plaintiff's vehicle until immediately before the accident, when plaintiff moved from the middle lane to the right lane and slammed on his brakes in an instant or quickly, i.e., plaintiff's action was not a slow and cautious movement to which defendant could react (*cf. Herdendorf v*

*Polino,* 43 AD3d 1429, 1430 [2007]; *Newton v Perugini,* 16 AD3d 1087, 1089 [2005]; *Shulga v Ashcroft,* 11 AD3d 893, 894 [2004]). Defendant explained that he had not seen plaintiff's vehicle before the collision because he had been paying attention to the road in front of him and, when plaintiff engaged in his maneuver, defendant slammed on his brakes and tried to steer into the shoulder to avoid the accident, which caused the back end of the trailer that was attached to the truck to swing out, and the left corner of the truck struck plaintiff's vehicle. Based on the foregoing, we conclude that plaintiff "failed to meet his initial burden of establishing his entitlement to judgment as a matter of law inasmuch as he submitted the deposition testimony in which [defendant] provided a nonnegligent explanation for the collision," namely, that plaintiff caused the collision when he suddenly changed lanes in response to slowing traffic in the middle and left lanes of the highway and abruptly stopped in the right lane in front of defendant (*Brooks,* 34 AD3d at 1267; *see Tate,* 125 AD3d at 1398-1399; *Rosario,* 101 AD3d at 1609-1610).

Finally, we reject plaintiff's contention that he established defendant's negligence as a matter of law by submitting evidence of defendant's guilty plea of following too closely (Vehicle and Traffic Law § 1129 [a]). "It is well settled that 'the fact that [the] driver entered a plea of guilty to a Vehicle and Traffic Law offense is only some evidence of negligence and does not establish his negligence per se' " (*Shaw v Rosha Enters., Inc.,* 129 AD3d 1574, 1576 [2015]). "Rather, it is the *'unexcused* violation of the Vehicle and Traffic Law [that] constitutes negligence per se' " (*id.; see Long v Niagara Frontier Transp. Auth.,* 81 AD3d 1391, 1392 [2011]). Here, upon defendant's explanation, the trier of fact could excuse the violation on the ground that plaintiff cut in front of defendant and immediately stopped, thereby failing to provide defendant with adequate time to create the "reasonable and prudent" distance between the vehicles that is required by the statute (§ 1129 [a]). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.