Niedzwiecki v Yeates (2019 NY Slip Op 06249)





Niedzwiecki v Yeates


2019 NY Slip Op 06249


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


371 CA 18-01818

[*1]CHANDRA NIEDZWIECKI, PLAINTIFF-RESPONDENT,
v
JARRETT E. YEATES, GERARD A. YEATES AND SALLY ANN YEATES, DEFENDANTS-APPELLANTS. 






HAGELIN SPENCER LLC, BUFFALO (MATTHEW D. PFALZER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered July 26, 2018. The order, insofar as appealed from, granted the cross motion of plaintiff for summary judgment on the issues of negligence and proximate cause and dismissing defendants' affirmative defenses based on the emergency doctrine and plaintiff's comparative negligence. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion in part with respect to the issues of negligence and proximate cause and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was operating was rear-ended by a vehicle driven by Jarrett E. Yeates (defendant) and owned by defendants Gerard A. Yeates and Sally Ann Yeates. Defendants appeal from an order that, inter alia, granted plaintiff's cross motion for partial summary judgment on the issues of negligence and proximate cause and dismissing four of defendants' affirmative defenses, including those based on the emergency doctrine and plaintiff's comparative negligence.
We agree with defendants that Supreme Court erred in granting the cross motion with respect to the issues of defendant's negligence and proximate cause, and we therefore modify the order accordingly. "It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, . . . [and, i]n order to rebut the presumption [of negligence], the driver of the rear vehicle must submit a non[]negligent explanation for the collision" (Tate v Brown, 125 AD3d 1397, 1398 [4th Dept 2015] [internal quotation marks omitted]; see Macri v Kotrys, 164 AD3d 1642, 1643 [4th Dept 2018]). "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle . . . , and such an explanation is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (Tate, 125 AD3d at 1398 [internal quotation marks omitted]; see Macri, 164 AD3d at 1643; Brooks v High St. Professional Bldg., Inc., 34 AD3d 1265, 1266 [4th Dept 2006]).
Here, plaintiff failed to meet her initial burden on the cross motion inasmuch as she submitted the deposition testimony of defendant, in which he " provided a nonnegligent explanation for the collision,' " i.e., that the collision occurred when plaintiff stopped abruptly in front of his vehicle after a nonparty vehicle suddenly pulled in front of plaintiff's vehicle (Gardner v Chester, 151 AD3d 1894, 1896 [4th Dept 2017]; see Rosario v Swiatkowski, 101 AD3d 1609, 1609 [4th Dept 2012]). Thus, plaintiff's own submissions raise "a triable issue of fact as to whether a nonnegligent explanation exists for the rear-end collision" (Bell v Brown, 152 AD3d 1114, 1115 [3d Dept 2017]; see Rosario, 101 AD3d at 1609-1610; see also Macri, 164 AD3d at 1643; Tate, 125 AD3d at 1398-1399).
We reject defendants' contention, however, that the court erred in granting the cross motion with respect to the affirmative defense based on the emergency doctrine. Plaintiff met her initial burden of establishing that the emergency doctrine is not applicable to the facts of this case, and defendants failed to raise a triable issue of fact (see generally Shehab v Powers, 150 AD3d 918, 920 [2d Dept 2017]).
Finally, we reject defendants' further contention that the court erred in granting the cross motion with respect to the affirmative defense of comparative negligence. Plaintiff met her initial burden of establishing that she was free from comparative negligence by submitting evidence that she was required to stop short in front of defendant's vehicle in order to avoid colliding with the nonparty vehicle that suddenly pulled in front of her vehicle. In opposition, defendants failed to submit "evidentiary proof in admissible form" sufficient to raise an issue of fact to defeat that part of the cross motion (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court