Torres-Cummings v Niagara Falls Police Dept. (2021 NY Slip Op 02679)





Torres-Cummings v Niagara Falls Police Dept.


2021 NY Slip Op 02679


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


857 CA 20-00369

[*1]ALEJANDRINA TORRES-CUMMINGS, PLAINTIFF-APPELLANT,
v
NIAGARA FALLS POLICE DEPARTMENT, CITY OF NIAGARA FALLS AND KELLY ROUGEUX, DEFENDANTS-RESPONDENTS. 






BERGEN & SCHIFFMACHER, LLP, BUFFALO (JOSEPH R. BERGEN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CHRISTOPHER MAZUR, CORPORATION COUNSEL, NIAGARA FALLS (THOMAS J. DEBOY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 5, 2019. The order denied in part plaintiff's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when the vehicle she was driving collided at an intersection with a police vehicle operated by defendant Kelly Rougeux (defendant officer), a police officer employed by defendant Niagara Falls Police Department who was patrolling the area. Plaintiff thereafter moved for summary judgment on the issues of negligence and serious injury and to dismiss certain affirmative defenses, and Supreme Court issued an order granting the motion in part and denying the motion in part. Plaintiff now appeals from the order to the extent that it denied those parts of the motion seeking summary judgment on the issue of negligence and dismissing the affirmative defenses of emergency operation under Vehicle and Traffic Law § 1104 and comparative negligence. We affirm.
It is well settled that "[t]he proponent on a summary judgment motion bears the initial burden of establishing entitlement to judgment as a matter of law by submitting evidence sufficient to eliminate any material issues of fact" (Rice v City of Buffalo, 145 AD3d 1503, 1504-1505 [4th Dept 2016]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We conclude that plaintiff failed to meet her initial burden on the motion with respect to the issue of negligence, and thus the court properly denied that part of her motion seeking summary judgment on that issue, "regardless of the sufficiency of the opposing papers" (Winegrad, 64 NY2d at 853). Plaintiff's submissions included her own deposition testimony and that of the defendant officer. In her deposition testimony, plaintiff testified that she had a green traffic signal as she approached the intersection traveling northbound, and that the traffic signal remained green from the time that she first saw it half a block from the intersection up until the time of the collision. Conversely, the defendant officer testified that she saw a green traffic signal controlling the westbound direction in which she was traveling when she was "[a]bout fifty feet" or "[o]ne to two car lengths" from the intersection, but she had looked away from the road as she entered the intersection to assess a vehicle that was stopped at a gas station. The defendant officer testified that she suspected that the vehicle she saw at the gas station was the same vehicle that she had previously been pursuing, but had lost sight of, minutes beforehand. Because she had looked away from the road, however, the defendant officer could not unequivocally state that the traffic signal remained green in her direction at the time of the collision. Viewing the facts in the light most favorable to the nonmoving party, as we must (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), we conclude that plaintiff's [*2]submissions raise a material issue of fact with respect to the color of the traffic signals facing the respective parties at the intersection at the time in question, and thus plaintiff failed to establish the defendant officer's negligence as a matter of law (see generally Fayson v Rent-A-Center E., Inc., 166 AD3d 1569, 1570 [4th Dept 2018]; Buffa v Carr, 148 AD3d 606, 606 [1st Dept 2017]). Similarly, inasmuch as plaintiff also failed to establish as a matter of law that she was not negligent in operating her vehicle at the time of the collision, we conclude that the court properly denied that part of her motion seeking summary judgment dismissing the affirmative defense of comparative negligence (see Vari v Capitano, 130 AD3d 1475, 1476-1477 [4th Dept 2015]; Leahey v Fitzgerald, 1 AD3d 924, 926 [4th Dept 2003]).
We further conclude that the court properly denied that part of plaintiff's motion seeking summary judgment dismissing the emergency operation affirmative defense under Vehicle and Traffic Law § 1104. With respect to that defense, "the reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220 [2011]). Initially, we note that there is no dispute that the defendant officer was operating an authorized emergency vehicle at the time of the collision (see
§ 101). Furthermore, we reject plaintiff's contention that, because the vehicle that the defendant officer believed she had been pursuing had stopped, the defendant officer as a matter of law was not "pursuing an actual or suspected violator of the law" within the meaning of Vehicle and Traffic Law § 114-b (see generally Lacey v City of Syracuse, 144 AD3d 1665, 1666 [4th Dept 2016], lv denied 32 NY3d 913 [2019]; Williams v City of New York, 240 AD2d 734, 736 [2d Dept 1997]). Inasmuch as plaintiff failed to establish as a matter of law that the defendant officer was not involved in an emergency operation at the time of the collision, and inasmuch as plaintiff's submissions themselves raise an issue of fact whether the defendant officer was engaged in the exempt conduct of proceeding past a steady red signal at that time (see § 1104 [b] [2]; see also Oddo v City of Buffalo, 159 AD3d 1519, 1521-1522 [4th Dept 2018]; see generally Lindgren v New York City Hous. Auth., 269 AD2d 299, 303 [1st Dept 2000]), plaintiff failed to meet her initial burden on her motion of establishing that the emergency operation defense under section 1104 " 'is without merit as a matter of law' " (Jackson v Rumpf, 177 AD3d 1354, 1356 [4th Dept 2019]; see Anderson v Suffolk County Police Dept., 181 AD3d 765, 767 [2d Dept 2020]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court