McLoughlin v City of Syracuse (2022 NY Slip Op 03608)

McLoughlin v City of Syracuse

2022 NY Slip Op 03608

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

257 CA 21-00847

[*1]CHARLES N. MCLOUGHLIN, PLAINTIFF-RESPONDENT,
v
CITY OF SYRACUSE, DEFENDANT-APPELLANT. 

BOND SCHOENECK & KING, PLLC, SYRACUSE (JAMES P. WRIGHT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PORTER NORDBY HOWE LLP, SYRACUSE (ERIC C. NORDBY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered June 7, 2021. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle he was driving collided with a police vehicle operated by Jacob R. Breen, a police officer employed by the City of Syracuse Police Department (SPD). At the time of the accident, Officer Breen was responding to a police call of an armed man threatening suicide. Relying on the emergency doctrine affirmative defense, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion insofar as it sought dismissal of the first cause of action, which alleged that defendant was liable for Breen's negligent, careless, and reckless operation of the police vehicle, determining that there were triable issues of fact whether Breen's conduct should be governed by the reckless disregard standard of care applicable to an authorized emergency vehicle involved in an emergency operation (see Vehicle and Traffic Law § 1104 [e]) or by ordinary negligence principles. Defendant appeals, and we now affirm.
Defendant contends that the court erred in finding triable issues of fact whether Breen's conduct should be measured by the reckless disregard standard of care. We disagree. Vehicle and Traffic Law
§ 1104 provides drivers of authorized emergency vehicles, when involved in emergency operations, four enumerated privileges, one of which is the privilege to "[e]xceed the maximum speed limits so long as [the driver] does not endanger life or property" (§ 1104 [b] [3]).
When such a driver is engaged in privileged conduct, that driver must nevertheless operate the vehicle "with due regard for the safety of all persons" and is not protected "from the consequences of his [or her] reckless disregard for the safety of others" (§ 1104 [e]). Thus, in order for the reckless disregard standard of care to apply, the vehicle must be an emergency vehicle involved in an emergency operation and the driver's operation must involve one of the four specified types of privileged conduct (see Kabir v County of Monroe, 16 NY3d 217, 223-224 [2011]; Torres-Cummings v Niagara Falls Police Dept., 193 AD3d 1372, 1374 [4th Dept 2021]). Operators of such vehicles are "answerable in damages if their reckless exercise of a [specified] privilege . . . causes personal injuries or property damage" (Kabir, 16 NY3d at 224; see § 1104 [e]). "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir, 16 NY3d at 220; see Torres-Cummings, 193 AD3d at 1374).
Here, defendant established as a matter of law that Breen was operating a qualifying [*2]emergency vehicle (see Levere v City of Syracuse, 173 AD3d 1702, 1702-1703 [4th Dept 2019]; Flood v City of Syracuse, 166 AD3d 1573, 1573 [4th Dept 2018]; Allen v Town of Amherst, 8 AD3d 996, 997 [4th Dept 2004]) and that Breen was involved in an emergency operation, regardless of whether his partner personally deemed the situation to be an emergency (see Vehicle and Traffic Law § 114-b; Criscione v City of New York, 97 NY2d 152, 158 [2001]; Lacey v City of Syracuse, 144 AD3d 1665, 1666 [4th Dept 2016], lv denied 32 NY3d 913 [2019]; Allen, 8 AD3d at 997).
Nevertheless, defendant failed to establish as a matter of law that Breen's operation of the vehicle involved one of the four types of privileged conduct. Defendant's own submissions raised triable issues of fact whether Breen was speeding, and there is no evidence that Breen's operation of the vehicle involved any of the other three types of privileged conduct. Resolution of that factual issue "will determine the standard of care by which the factfinder must evaluate" Breen's conduct (Oddo v City of Buffalo, 159 AD3d 1519, 1521 [4th Dept 2018]; see Santana v City of New York, 169 AD3d 578, 578-579 [1st Dept 2019]; see generally Kabir, 16 NY3d at 220). Inasmuch as defendant failed to meet its initial burden on the motion of establishing the standard of care by which Breen's conduct should be evaluated, the burden never shifted to plaintiff to raise triable issues of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore do not address defendant's contentions concerning plaintiff's opposition to the motion on the issue of the applicable standard of care.
Defendant further contends that, regardless of whether the reckless disregard or ordinary negligence standard of care applies, defendant cannot be held liable for the accident. We reject that contention. Even assuming, arguendo, that defendant established as a matter of law that Breen was neither reckless nor negligent in his operation of the police vehicle, we conclude that plaintiff raised triable issues of fact through the affidavit of his expert.
Although there was evidence that Breen used " 'precautionary measures' " (McElhinney v Fitzpatrick, 193 AD3d 1409, 1409 [4th Dept 2021]; see Williams v Fassinger, 119 AD3d 1368, 1369 [4th Dept 2014], lv denied 24 NY3d 912 [2014]), there is also evidence that Breen violated one or more SPD policies regarding the use of lights and sirens when responding to certain calls. While the violation of internal policies or regulations is not dispositive, it is "an important . . . factor in determining whether [Breen] . . . acted recklessly" (Saarinen v Kerr, 84 NY2d 494, 503 n 3 [1994]; see Allen v Town of Amherst, 294 AD2d 828, 829 [4th Dept 2002], lv denied 3 NY3d 609 [2004]; cf. Szczerbiak v Pilat, 90 NY2d 553, 557 [1997]; Green v Zarella, 153 AD3d 1162, 1163 [1st Dept 2017]). Here, plaintiff's expert opined that Breen's excessive speed in the right-hand lane, in an area of heavy traffic, without a siren, and possibly without lights, violated departmental regulations and was in reckless disregard for the safety of others (see Allen, 294 AD2d at 829).
Inasmuch as the "reckless disregard standard demands more than a showing of a lack of due care under the circumstances—the showing typically associated with ordinary negligence claims" (Frezzell v City of New York, 24 NY3d 213, 217 [2014] [internal quotation marks omitted]), we conclude that the triable issues of fact whether Breen acted recklessly necessarily raise triable issues of fact whether Breen acted negligently in the event Breen's conduct is to be judged under principles of ordinary negligence.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court