Rook v Dibble (2025 NY Slip Op 00557)

Rook v Dibble

2025 NY Slip Op 00557

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, DELCONTE, AND HANNAH, JJ.

783 CA 23-01902

[*1]SHERYL L. ROOK, PLAINTIFF-APPELLANT,
v
KEVIN S. DIBBLE AND HORSEHEADS AUTOMOTIVE RECYCLING, INC., DEFENDANTS-RESPONDENTS. 

JAMES L. ALEXANDER, EAST SYRACUSE, FOR PLAINTIFF-APPELLANT.
CARTAFALSA, TURPIN & LENOFF, NEW YORK CITY (BRIAN P. MINEHAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Steuben County (Jason L. Cook, J.), entered November 6, 2023. The order granted the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in a motor vehicle accident when the vehicle that she was driving was struck by a vehicle operated by defendant Kevin S. Dibble and owned by defendant Horseheads Automotive Recycling, Inc. According to plaintiff's bill of particulars, she sustained a serious injury under the permanent consequential limitation of use, significant limitation of use and 90/180-day categories of serious injury (see Insurance Law § 5102 [d]). Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the subject motor vehicle accident. Supreme Court granted the motion, and plaintiff now appeals.
Plaintiff contends that the court erred in granting that part of the motion with respect to the permanent consequential limitation of use and significant limitation of use categories. We agree, and we therefore modify the order accordingly. "On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]; see Sywak v Grande, 217 AD3d 1382, 1383 [4th Dept 2023]). Viewing the evidence in the light most favorable to plaintiff and affording her the benefit of every reasonable inference (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that defendants failed to meet that burden with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury (see Banas v Waikiki, 216 AD3d 1413, 1414-1415 [4th Dept 2023]; Tate v Brown, 125 AD3d 1397, 1397-1398 [4th Dept 2015]).
Defendants' submissions in support of their motion include the affirmed report of a physician who performed a physical examination of plaintiff and reviewed plaintiff's pre- and post-accident medical records, including a digital motion x-ray report indicating cervical ligament damage. The physician concluded that plaintiff sustained "an exacerbation of her cervical and trapezius muscle strain along with left shoulder pain" in the subject accident. The physician also set forth a quantitative assessment of the degree of plaintiff's loss of range of [*2]motion. Inasmuch as defendants' own submissions contain objective proof of a causally related injury as well as a "designation of a numeric percentage of [her] loss of range of motion" sufficient to constitute a serious injury (Gates v Longden, 120 AD3d 980, 982 [4th Dept 2014] [internal quotation marks omitted]; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002]), defendants failed to meet their initial burden of establishing as a matter of law that plaintiff did not sustain a serious injury in the accident and, thus, "the burden never shifted to plaintiff to raise a triable issue of fact" (Tate, 125 AD3d at 1398 [internal quotation marks omitted]; see Houston v Geerlings, 83 AD3d 1448, 1450 [4th Dept 2011]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court