Oswald v Ramesh (2025 NY Slip Op 01537)

Oswald v Ramesh

2025 NY Slip Op 01537

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

916 CA 24-00026

[*1]MARK W. OSWALD, PLAINTIFF-RESPONDENT,
v
DURUVA RAMESH AND VISWAMBAL RAMESH, DEFENDANTS-APPELLANTS. 

HAGELIN SPENCER LLC, BUFFALO (JOAN M. RICHTER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
SCHIFFMACHER CINELLI ADOFF LLP, BUFFALO (AARON M. ADOFF OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Michael Siragusa, A.J.), entered December 7, 2023. The order granted those parts of the motion of plaintiff seeking summary judgment on the issue of negligence and seeking to dismiss defendants' first, fourth and sixth affirmative defenses. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the motorcycle he was operating was rear-ended by a vehicle driven by defendant Duruva Ramesh. Supreme Court thereafter granted those parts of plaintiff's motion seeking summary judgment on the issue of negligence and to dismiss defendants' first, fourth and sixth affirmative defenses. Defendants now appeal.
We reject defendants' contention that the court erred in granting that part of the motion seeking summary judgment on the issue of negligence. "It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (Macri v Kotrys, 164 AD3d 1642, 1643 [4th Dept 2018] [internal quotation marks omitted]; see Rodriguez v First Student, Inc., 163 AD3d 1425, 1427 [4th Dept 2018]; Tate v Brown, 125 AD3d 1397, 1398 [4th Dept 2015]). In order to rebut the presumption of negligence, "the driver of the rear vehicle must submit a [nonnegligent] explanation for the collision" (Shah v Nowakowski, 203 AD3d 1737, 1740 [4th Dept 2022] [internal quotation marks omitted]; see Macri, 164 AD3d at 1643; Tate, 125 AD3d at 1398). Here, plaintiff met his initial burden on the issue of negligence by establishing that his motorcycle was stopped at an intersection when it was rear-ended by defendants' vehicle and, in opposition, defendants failed to submit any "nonnegligent explanation for the collision" (Ruzycki v Baker, 301 AD2d 48, 49 [4th Dept 2002]). Indeed, "[f]ar from constituting a nonnegligent explanation for the crash, the driver's deposition testimony conclusively establishes [his] own negligence, i.e., that [he] breached [the] duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Sims v Ciccone-Burton, 167 AD3d 1541, 1543 [4th Dept 2018] [internal quotation marks omitted]; see Cupp v McGaffick, 104 AD3d 1283, 1284 [4th Dept 2013]; Roberts v Hall, 248 AD2d 845, 845 [3d Dept 1998]).
We also reject defendants' contention that the court erred in granting those parts of the motion seeking summary judgment dismissing the first, fourth and sixth affirmative defenses. With respect to the first affirmative defense, asserting application of the emergency doctrine, plaintiff met his initial burden of establishing that the emergency doctrine is not applicable to the facts of this case, and defendants failed to raise a triable issue of fact in opposition (see Niedzwiecki v Yeates, 175 AD3d 903, 905 [4th Dept 2019]; see generally Herdendorf v Polino, 43 AD3d 1429, 1429-1430 [4th Dept 2007]). With respect to the fourth affirmative defense, [*2]asserting comparative negligence on the part of plaintiff, plaintiff met his initial burden of establishing that he was free from comparative negligence, and defendants failed to raise a triable issue of fact in opposition (see Yawagyentsang v Safeway Constr. Enters., LLC, 225 AD3d 827, 827-828 [2d Dept 2024]; Niedzwiecki, 175 AD3d at 905). Finally, with respect to the sixth affirmative defense, asserting that the plaintiff was unlicensed and lacked the necessary training and experience to operate a motorcycle, " 'the absence or possession of a driver's license is not relevant to the issue of negligence' in the operation of a motor vehicle" (Graham v Jones, 147 AD3d 1369, 1372 [4th Dept 2017]) and defendants' "mere speculation" that plaintiff lacked the necessary training and experience to operate a motorcycle "is insufficient to defeat plaintiff's entitlement to dismissal of the [sixth] affirmative defense" (Stickney v Alleca, 52 AD3d 1214, 1215 [4th Dept 2008]; see generally Gill v Braasch, 100 AD3d 1415, 1416 [4th Dept 2012]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court